IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUPREME MANUFACTURING, COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:08-cv-832-MEF ) |
| U.S. BEVERAGE, INC., *et al.*, | ) (WO - Do Not Publish) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This action is presently before the Court on Plaintiff Supreme Manufacturing Company, Inc.'s ("Plaintiff") Motion to Strike Defendants' Amendment Adding Counterclaim (Doc. #19) filed on March 3, 2009. Plaintiff seeks to strike the Counterclaim filed by Defendants U.S. Beverage, Grady Dowling Kittrell, and Thomas Going Clark, III (collectively "Defendants") on February 25, 2009. (Doc. #18). After careful review of the submissions made by the parties, the Court finds that the Plaintiff's Motion to Strike is due to be DENIED.

### II. JURISDICTION AND VENUE

Jurisdiction over Plaintiff's claims is proper under 28 U.S.C. §§ 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## III. PROCEDURAL BACKGROUND

Plaintiff's Complaint (Doc. #1) filed on October 15, 2008, seeks $349,669.26 in compensatory damages for breach of contract. Plaintiff also seeks attorney's fees, interests, and costs against Defendants. Plaintiff allege Defendants failed to pay for juice products that Plaintiff delivered. On November 6, 2008, Defendants filed an Answer. (Doc. # 7). Defendants' Answer did not include any counterclaims but included several affirmative defenses, including lack of consideration, lack of performance, non-conforming goods, and accord and satisfaction. Several months later, Defendants filed a Counterclaim on February 25, 2009. (Doc. #18). The Counterclaim includes nine counts and alleges that Plaintiff engaged in false labeling and false advertising in violation of the Lanham Act, breached their contract with Defendants, and breached several express and implied warranties under the Uniform Commercial Code ("U.C.C."). Defendants' Counterclaim also alleges fraud, negligent misrepresentation, and unjust enrichment. Plaintiff filed a Motion to Strike Defendants' Counterclaim (Doc. #19) on March 3, 2009. There, Plaintiff argues that Defendants' counterclaims are compulsory counterclaims and should be barred under Fed. R. Civ. P. 13(a) because they were not raised in Defendants' Answer. Defendants' responded in a Brief in Opposition to the Plaintiff's Motion to Strike Defendants' Counterclaim filed on March 16, 2009. (Doc. #22). In their response, Defendants argue that their counterclaims are permissive or that, in the alternative, the Court should deny Plaintiff's Motion to Strike according to equitable principles.

According to the Court's Uniform Schedule Order of December 17, 2008 (Doc. #13), the trial in this case is set for November 9, 2009, in Montgomery, Alabama, and the deadline for amending pleadings is February 25, 2009.

## IV. DISCUSSION

### A. Rule 13(a) Compulsory Counterclaims

Fed. R. Civ. P. 13 ("Rule 13") divides counterclaims into two categories: compulsory and permissive. A counterclaim is either compulsory or permissive according to its relationship to the opposing party's claim. *Id.* Rule 13(a) defines a compulsory counterclaim as any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Id.* A permissive counterclaim has its roots in a separate transaction or occurrence and is governed by Rule 13(b). *6 Wright, Miller, & Kane, Federal Practice and Procedure* § 1409 (2d ed. 1990). When a party fails to plead a compulsory counterclaim, it is precluded from asserting that claim in future litigation. *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 755 (11th Cir. 2002) (stating that compulsory counterclaims which are not brought are "thereafter barred") (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)).

However, for a claim to qualify as a compulsory counterclaim under Rule 13(a), it must be a claim which the pleader has against an opposing party "at the time of serving the pleading." Fed. R. Civ. P. 13(a). A counterclaim that is acquired by the defendant *after* he has answered the complaint is not compulsory, even if it arises out of the same

3

transaction as does the plaintiff's claim. *Steinberg v. St. Paul Mercury Ins. Co.*, 108 F.R.D. 355, 358 (S.D. Ga. 1985); *see also Dillard v. Sec. Pac. Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988) (finding that a counterclaim acquired by a defendant after the defendant has answered is not considered compulsory, even if it arises out of the same transaction as the plaintiff's claim); *3 Moore's Federal Practice* § 13.14 (3d ed. 1997) (stating that "the timing if a counterclaim and its classification as compulsory do not become vital until a second action is brought"); *but cf. Crown Life. Ins. Co. v. Am. Nat'l Bank & Trust Co.*, 35 F.3d 296, 300 (7th Cir. 1994) (barring a compulsory counterclaim in the same action where defendant failed to counterclaim in the answer but attempted to file a claim three months after summary judgment had been granted in favor of plaintiff).

Here, Plaintiff's Complaint alleges breach of contract. Defendants filed an Answer that did not include any counterclaims. Several months later, but before the deadline for amending pleadings had expired, Defendants filed a Counterclaim. Defendants' Counterclaim alleges Plaintiff breached its contract with Defendants, breached several express and implied warranties under U.C.C., acted fraudulently, and negligently misrepresented its delivered goods. Defendants' Counterclaim also includes claims of unjust enrichment and false labeling and false advertising in violation of the Lanham Act. Defendants argue that its counterclaims do not arise out of the transaction or occurrence that is the subject matter of Plaintiff's claims because they include federal claims, such as Lanham Act violations. The Court disagrees that Defendants' claims do

not arise from the same transaction or occurrence as Plaintiff's claim, but the Court agrees that Defendants' counterclaims are not compulsory counterclaims.

Defendants' counterclaims do not qualify as a compulsory counterclaims under Rule 13(a) because Defendants' discerned its counterclaims during discovery. *See* Doc. #22, pg. 4, 6. Defendants did not acquire its counterclaims until after it answered Plaintiff's Complaint. Accordingly, Defendants' counterclaims are not compulsory and are not barred in this lawsuit.

### B. Rule 13(f) Amending Pleadings

In the alternative, under Fed. R. Civ. P. 13(f), courts may allow a party to amend a pleading to add a compulsory counterclaim if the counterclaim was omitted "through oversight, inadvertence, or excusable neglect, or when justice so requires." *Id.* In this Circuit, "Rule 13(f) does not give a party the privilege of totally neglecting its case and ignoring time limitations imposed by the Federal Rules of Civil Procedure." *Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 576 (5th Cir. Unit B Sept. 1981) (affirming district court decision that Rule 13(f) motion for leave to add an omitted counterclaim was inexcusably untimely because the court found (1) the opposing party would be prejudiced; (2) the trial court would have to undergo additional strain on its docket; and (3) defendant's reason for the delay was simply that he overlooked the possibility of the counterclaim)[1]; *see also Imperial Enter., Inc. v. Fireman's Fund Ins.*

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to

*Co.*, 535 F.2d 287 (5th Cir. 1976) (finding that the district court did not abuse its discretion in denying the motion to amend with respect to a counterclaim where the defendant was aware of the facts underlying its alleged counterclaim for almost a year before it made its motion). However, the purpose behind Rule 13(a) is to prevent multiplicity of lawsuits. "The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *S. Constr. Co., Inc. v. Pickard*, 371 U.S. 57, 60 (1962).

Plaintiff filed its Complaint on October 15, 2008, alleging that Defendants breached their contract with Plaintiff by failing to pay for juice products. On November 6, 2008, Defendants filed an Answer. Defendants' Answer did not include any counterclaims but did include several affirmative defenses, including lack of consideration, lack of performance, non-conforming goods, and accord and satisfaction. On February 25, 2009, four months after Plaintiff's Complaint and before this Court's deadline for amending pleadings, Defendants filed its Counterclaim. In Plaintiff's Motion to Strike Defendants' Counterclaim filed on March 3, 2009, Plaintiff argues that Defendants' omitted counterclaims, if permitted, would "overly complicate this simple breach of contract case" and "delay the trial." Doc. #19, ¶ 9. Defendants contend that it

---

the close of business on September 30, 1981.

put Plaintiff on notice of its intentions to file a counterclaim in its Answer, which contains several affirmative defenses, and its Report of Rule 26(f). The Court does not find that Defendants have delayed the interest of justice by filing its counterclaims. Further, the Court finds that the Plaintiff has not been prejudiced by the minimal delay of notice. Accordingly, even if Defendants' counterclaims were compulsory, the Court would permit Defendants to amend its pleading under Rule 13(f) to prevent multiplicity of lawsuits and promote judicial efficiency.

## V. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Strike Defendant's Counterclaim (Doc. #19) is DENIED.

DONE this the 5th day of May, 2009.

                                          /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE