IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SUPREME MANUFACTURING COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:08-cv-832-MEF |
| U.S. BEVERAGE, INC., *et al.*, | ) ) | (WO- Do Not Publish) |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff Supreme Manufacturing Company, Inc.'s ("Supreme Manufacturing") Motion for Summary Judgment, filed October 8, 2010 (Doc. # 46), and all relevant responses and replies.

Supreme Manufacturing filed a complaint alleging breach of contract against all of the named Defendants. (Doc. # 1). Defendants in turn alleged several counterclaims against Supreme Manufacturing, including two violations of the Lanham Act, breach of contract, breach of express warranty, two counts of breach of implied warranty, fraud, negligent misrepresentation, and unjust enrichment. (Doc. # 18). Supreme Manufacturing has moved for summary judgment on both its own claims and each of Defendants' counterclaims. (Doc. # 46). For the foregoing reasons, that motion is due to be DENIED.

1

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), based on the diversity of the parties and an amount in controversy in excess of $75,000. The parties do not assert that this Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–23; *see also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115–16 (11th Cir. 1993) ("For issues, however, on which the

non-movant would bear the burden of proof at trial, . . . '[t]he moving party may simply show[] . . . that there is an absence of evidence to support the non-moving party's case.'") (quoting *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437–38 (11th Cir. 1991)).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex* 477 U.S. at 324. A plaintiff must present evidence demonstrating that it can establish the basic elements of its claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact *and* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III.  DISCUSSION

The Court has carefully considered the briefs, declarations, affidavits, and documents submitted in support of and in opposition to the motion. However, at this stage of the proceedings, this Court is not satisfied that there are no genuine issues of

3

material fact. Additionally, Supreme Manufacturing has not shown that it is entitled to judgment as a matter of law as is required of a summary judgment movant. *Celotex,* 477 U.S. at 322. Consequently, Supreme Manufacturing's Motion for Summary Judgment (Doc. # 46) is DENIED.

Done this the 29th day of November, 2010.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE